

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifford S. Roe
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. O-4701
Re: Procedure of paying county
officials out of Officers'
Salary Fund, and related
questions.

Your letter of recent date requesting the opinion
of this department on the questions stated therein reads in
part as follows:

"Panola County is under the Officers and Sal-
ary law passed in 1935 whereby duly elected County
and District Officials are compensated upon a sal-
ary determined on the amount of fees collected in
1935. For sometime in this County there seems to
be a general misunderstanding or a misconstruction
of this statute and the application of the same
thereto. The Officers and Salary Fund is behind
and naturally there is some conflict and unrest.
I want to explain the situation here as best I can
and then ask some questions which I would like to
have answered.

"It seems to have been the custom since this
new system went into effect for each officer to
collect fees due him under the old fee system and
retain said money and in turn accept a warrant
drawn on the Officers and Salary Fund and then en-
dorse this warrant back and have it run and there-
by those officers who are fortunate enough to col-
lect enough money to maintain the expenses of his
office including supplies, deputies and his salary,
get one hundred per cent on the dollar for his
salary. Whereas some of the offices do not collect

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

enough money to pay the officers salary; then he in turn takes a warrant which is not worth the money and about the only way he can get the money is to borrow on it and pay interest until such time as there is sufficient money to pay said warrants. As a result, some of the officers and deputies are getting one hundred per cent of their salary whereas others are having to discount their warrants and are not getting the face value for his warrant. This idea is really based upon the opinion that a separate Officers Salary fund can be set up for each individual officer, and in some places in the statute, there seems to be some authority supporting that claim. However, as you know, some of the officers have offices which are more fortunate than others for example the Tax Assessor and Collector and the County Clerk. Some of the other officers such as the District Clerk and County Attorney fail to get many of their fees due to the fact that state work receives no compensation other than that amount set up in the statute to be supplied by the state. Going further with the situation here, other claims than those of Officers salary, supplies and expenses have been paid out of the Officers and salary fund. This is the general situation in this county now.

"1. Under Chapter 465 setting up the Officers Salary Law, (1) under Section 19 seems to say that an individual Officers and Salary Fund can be set up for each individual officer; Whereas, other parts of the statute seem to say that there must be created one OFFICERS AND SALARY FUND for all officers and each shall continue to collect fees for his office and turn in the same and in lieu thereof receive a warrant which shall be drawn on said fund. As I understand our situation in this county, it seems to be solely whether there can be a fund for each officer or whether there must be one central fund out of which all officers must be paid. Section 4 of this statute seems to merely set up one Officers and Salary Fund. PLEASE ANSWER THIS QUESTION IN FULL.

"QUESTION TWO: In reading the Statute set up in Chapter 465, it seems to me that only the duly

424

elected officers, deputies, Car Mileage, and general office expense and supplies can be paid out of this Officers and Salary Fund. However, the Commissioners court have been paying rent on buildings for relief office and other such claims out of this fund which I think according to the statute is unlawful. CAN CLAIMS OTHER THAN OFFICERS SALARY, OFFICE SUPPLIES, and CAR MILEAGE be paid out of said fund when no surplus exists.??

"QUESTION THREE: Can the salaries of the Road Commissioners and County Judge be paid out of the Officers and Salary Fund legally? ART. 2350 (1) says that they can be paid wholly out of the County General Fund or, at the option of the Commissioners Court may be paid out of the County General fund and out of the Road and Bridge Fund in the following proportions: County Judge not to exceed 75% of salary out of Road and Bridge Fund and the remainder out of the General Fund and the Commissioners may get all of their salary out of Road and Bridge Fund.

"QUESTION FOUR: If the statute provides for one Central Officers and Salary Fund, then can each officer retain the money he collected and endorse a warrant over for the money or must he turn in the cash to the fund and then await his turn on his warrant according to the numerical numbers on said warrant? By that I mean, can each officer legally retain the amount of money collected by his office up to the amount of expense of his office or must he turn in the cash and receive a warrant in lieu therefor? According to Sec. 3 of Chapter 465, he will have to turn in said money to the Treasurer and accept a warrant on said and in lieu therefor.

"An opinion covering these questions thoroughly will be of great assistance to us, and I am sure will go a long way toward clearing up our difficulty in this county.

". . . ."

Panola County has a population of 22,539 inhabitants according to the last preceding Federal census. Section 19 of Article 3912e, Vernon's Annotated Civil Statutes, mentioned in connection with your first question only applies to those counties having a population in excess of 190,000 inhabitants according to the last preceding Federal census. Therefore, Section 19 does not apply to Panola County.

Section 4 of Article 3912e, Vernon's Annotated Civil Statutes provides:

"In all counties of this State containing a population of less than One Hundred and Ninety Thousand (190,000) inhabitants according to the last preceding Federal census wherein the County or Precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the Officers' Salary Fund of _____ County, Texas. Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of the Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the County Depository and shall be protected to the same extent as other county funds."

Section 4 of Article 3912e, supra, applies to all counties having a population of less than 190,000 inhabitants according to the last preceding Federal census wherein the county or precinct officers are compensated on a salary basis under the provisions of the salary law. Therefore, this provision of the Statute applies to Panola County.

In answer to your first question, you are advised that it is our opinion that there cannot be created a fund for each officer affected by the provisions of the salary law in a county having a population of less than 190,000 inhabitants according to the last preceding Federal census. Panola County is authorized by the provisions of Section 4 of Article 3912e to create only one fund known as the Officers'

Salary Fund of said County, and it is the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them and as and when such fees are collected they shall be deposited in the Officers' Salary Fund as provided by the Act.  All officers of said county who are compensated on the salary basis must be paid out of this fund.

With reference to your second question, you are advised that no claims other than the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of the Act and the authorized expenditure of their offices can be paid from such Officers' Salary Fund.  It is immaterial whether or not there is a surplus in said fund no other expenditures are authorized.  Section 6 of Article 3912e, paragraph (o) specifically provides:

> "Any moneys remaining in the Officers' Salary Fund or Funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the Commissioners' Court, transferred to the credit of the general fund of the county."

With reference to your third question you are advised that the Officers' Salary Law is not applicable to County Commissioners and that the County Commissioners can not be paid out of the Officers' Salary Fund.  County Commissioners must be paid in the manner and out of the funds as authorized by Article 2350 and Article 2350(1), Vernon's Annotated Civil Statutes.  Article 2350(1) provides:

> "The salary of each County Commissioner and each County Judge may be paid wholly out of the County General Fund, or at the option of the Commissioners' Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions:  County Judge not to exceed seventy-five percent (75%) or such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund of the County, and each County Commissioners' Salary may,

at the discretion of the Commissioners' Court, all be paid out of the Road and Bridge Fund; provided this Section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the one hundred dollar valuation is levied for general purposes."

This Article was enacted in 1935 by the 44th Legislature, page 1036, chapter 362, section 2, before the Officers' Salary Law went into effect. The Officers' Salary Law became effective January 1, 1936. Articles 2350 and 2350(1) have no application to the payment of the salary of a County Judge of a county where the county officers are compensated on a salary basis. In all such counties, the County Judges are governed by the provisions of the Officers' Salary Law and must be paid in the same manner as other county officers are paid, by warrants drawn on the Officers' Salary Fund.

We now consider your fourth question. Section 5 of Article 3912e, Vernon's Annotated Civil Statutes provides in part:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or Funds provided in this Act." (Also see Section 3 of Article 3912e).

The Officers' Salary Law specifically requires the officers who are compensated on a salary basis to collect all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them and such fees and commissions when collected must be deposited in the Officers' Salary Fund. Section 7 of Article 3912e provides:

"All monies drawn from said Officers' Salary Fund or Funds shall be paid out only on warrants approved by the County Auditor in counties having a County Auditor; otherwise all claims against said fund shall first have been audited and approved by the Commissioners' Court of said County and the money shall be disbursed on such approved

claims by warrants drawn by the County Treasurer on said fund. . . ."

Your fourth question as stated above is in fact two questions, or at least contains two parts. In view of the foregoing statutes, we respectfully answer the first part of your fourth question in the negative and the second part in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp

APPROVED JUL 29, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN